SMITH, d.b.a. THE LEXINGTON ADVERTISER *v.* HOLMES COUNTY, MISSISSIPPI, BOARD OF SUPERVISORS

No. 42164        February 5, 1962        137 So. 2d 195

*William L. Higgs,* Jackson, for appellant.

*Johnson & White,* Lexington, for appellee.

McGEHEE, C. J.

This is an appeal from the judgment of the Circuit Court of Holmes County affirming an order of the Board of Supervisors thereof rendered on May 4, 1960, accepting the bid of the Holmes County Herald for furnishing office supplies, printing, etc., to Holmes County, Mississippi, for the period beginning May 2, 1960, and ending May 1, 1962, the appeal to the circuit court being by way of bill of exceptions by the appellant Mrs. Hazel

Brannon Smith doing business as the Lexington Advertiser, after said bill of exceptions was corrected and amended by W. Leslie Smith, president of the said Board of Supervisors.

The Board of Supervisors had advertised for bids for furnishing office supplies, printing, etc., for the county and for the period above stated, when bids were submitted by the Holmes County Herald, Povall Printing Company, and the Lexington Advertiser. The bid of the Holmes County Herald was accompanied by cash to insure good faith. Neither the bid of the Povall Printing Company nor of the Lexington Advertiser were signed in writing, and the Board of Supervisors ordered and adjudged that the bid submitted by the Holmes County Herald was the only signed legal bid. The Board of Supervisors did not discover until its meeting on May 4, 1960, that the bid of the Lexington Advertiser had not been signed as a legal bid. Thereupon the attorney for the Board of Supervisors requested an opinion from the Attorney General of Mississippi as to whether or not the Board was entitled to consider an unsigned bid and award a contract thereon, and the attorney of the Board of Supervisors having been advised by the Attorney General that such a bid could not be accepted and acted on, the contract advertised to be let was awarded to the Holmes County Herald as being the only bidder which had submitted a signed legal bid. A photostatic copy of the bid of the Lexington Advertiser is contained in the record and the same is not signed by "Mrs. Hazel Brannon Smith d/b/a The Lexington Advertiser", nor does the name of Mrs. Hazel Brannon Smith otherwise appear on the photostatic copy of the original bid.

Even though the requirement that a county contract shall be awarded to the lowest responsible bidder is held to be mandatory and not mere directive, yet the agency through which the county lets such contracts has broad discretionary powers in determining the re-

sponsiblility of the bidder. 20 C. J. S., Counties, Section 189, page 1023.

In the Board's published notice inviting bids for the furnishing of office supplies to Holmes County it is therein stated that the successful bidders would be required to enter into bond, and that the Board reserved the right to reject any or all bids. The qualifications required of the bidders are fully set forth in Section 8978, Code of 1942, and one of the principals of these qualifications is that the bidder should be a bona fide resident of this state, own a printing plant and stationery business and be actually engaged in printing and stationery business. This Code Section specifically provides that the contract shall be "let to the lowest responsible bidder".

Since the Attorney General was of the opinion that the Board of Supervisors would not be authorized to accept an unsigned bid, and had so advised the Board, we are of the opinion that in the exercise of its broad discretionary powers in determining the responsibility of a bidder the Board was justified in finding that neither the Povall Printing Company nor the Lexington Advertiser was the lowest responsible bidder in the instant case. The fact that their proposals were unsigned justified the Board in believing that any surety or sureties on their performance bonds, under Section 8983, Miss. Code of 1942, could have well denied liability thereon because the bids on which the contracts were based were unsigned, within the common acceptation of that term. The Lexington Advertiser was not a legal entity so far as shown by the record in the instant case and as hereinbefore stated the name of "Mrs. Hazel Brannon Smith d/b/a The Lexington Advertiser" did not appear on the original bid. In fact the name of Mrs. Hazel Brannon Smith nowhere appears on the said original bid.

We are therefore of the opinion that the judgment appealed from should be and the same is hereby affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Rodgers, JJ.,* concur.